IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NATANAEL RIVERA,

                      Plaintiff,

      v.

MACHEAL SCHULTZ, CORRECTIONAL OFFICER MINNING,
CORRECTIONAL OFFICER PETERSON, GEORGE JIMINEZ,
PETE ERICKSON, MACHEAL BAENEN, TOMES COMPBALL,
CORRECTIONAL OFFICER COMMEING, CORRECTIONAL OFFICER NUEMKE,
CORRECTIONAL OFFICER ROUSE, CORRECTIONAL OFFICER TINGLY,
SARAH COOPER and JOHN DOES 1-12,

                      Defendants.

ORDER

12-cv-240-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Natanael Rivera has filed two complaints in this case, one that he calls "Verified Amended Complaint under 42 U.S.C. § 1983" and one that he calls "Amended Verified Complaint under 42 U.S.C. § 1983." In a letter accompanying the complaints, plaintiff says that he would like to "combine" them "into one," dkt. #4, but I denied this request in an order dated June 11, 2012 because the two complaints involve different incidents involving different defendants and joining them would violate Fed. R. Civ. P. 20. Accordingly, I gave plaintiff the following instructions:

> 1. Plaintiff Natanael Rivera may have until June 25, 2012, to identify for the court whether he wishes to proceed with his "Verified Complaint under 42 U.S.C. § 1983" or his "Amended Verified Complaint under 42 U.S.C. § 1983" under the number assigned to this case. Plaintiff must pick one and only one of these complaints to proceed under case no. 12-cv-240-bbc.

> 2. Plaintiff may have until June 25, 2012, to advise the court whether he wishes to (1) pursue the other complaint under a separate case number; or (2) dismiss the other complaint without prejudice so that he may file it at a later date.
>
> 3. If plaintiff dismisses the other complaint voluntarily, he will not owe a second filing fee. If he chooses to pursue the other complaint, he will owe a separate $350 filing fee and will be assessed another initial partial payment.

Dkt. #14 at 3-4.

In response to that order, plaintiff says first that the two complaints represent "a series of transactions of sexual misconduct and misconduct in public office" and that prison staff "have uniformly acted to punish the plaintiff." Dkt. #15 at 1-2. Although he does not say so explicitly, plaintiff seems to be making the argument that the two complaints may be joined under Rule 20. I disagree. Both complaints involve searches of plaintiff's person, but that is not enough to satisfy Rule 20 because the incidents involved different defendants and occurred several months apart. To the extent plaintiff means to allege that both incidents are part of a larger conspiracy to "punish" him, his conclusory allegation that defendants acted "uniformly" is not enough to proceed under that theory. Cooney v. Rossiter, 583 F.3d 967, 971 (7th Cir. 2009).

Alternatively, plaintiff says that he wishes to proceed with both complaints in separate lawsuits. Accordingly, I will sever the case. Plaintiff's "Verified Complaint" will proceed as case no. 12-cv-240-bbc and I will screen that complaint in a separate order in accordance with 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff's "Amended Verified Complaint" will proceed as case no. 12-cv-476-bbc. I will screen that complaint as soon as plaintiff submits another initial partial payment. Because plaintiff submitted a trust fund

account statement less than three months ago, he does not need to submit another one.

Plaintiff accompanied his complaints with several motions: (1) "Motion for Restraining Order," dkt. #6; (2) "Motion to Amended Eighth Amendment Violations of Deliberate Indifferent," dkt. #10; (3) "Motion to Amending Restraining Order," dkt. #11; and (4) "Motion for Appointment of Counsel," dkt. #12. Because these motions relate to issues in both cases, I will address them in this order.

In plaintiff's "motion for restraining order," dkt. #6, he seeks a transfer to another facility. I am denying this motion for two reasons. First, plaintiff failed to comply with this court's procedures, which require parties seeking injunctive relief to submit proposed findings of fact. I have included a copy of those procedures with this order.

Second, plaintiff has not met the standard for obtaining preliminary injunctive relief. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (citation omitted). To obtain preliminary injunctive relief, plaintiff must show some likelihood of success on the merits, that he has no adequate remedy at law and will suffer irreparable harm if a preliminary injunction is denied and that an injunction is in the public interest. Ezell v. City of Chicago, 651 F.3d 684, 694 (7th Cir. 2011); Judge v. Quinn, 612 F.3d 537, 546 (7th Cir. 2010). In this case, plaintiff's motion is little more than another recitation of the allegations in the complaints. Because he has not made any showing that he is likely to succeed on his claim or that he will suffer irreparable harm in the absence of an injunction, I am denying the motion.

(Ordinarily, I would not consider a request for preliminary injunctive relief until screening the complaint. However, because it is clear that plaintiff has failed to meet the standard for obtaining such relief regardless whether he has stated a claim upon which relief may be granted in either case, I see no reason to delay a decision until after screening.)

Plaintiff's "motion to amen[d] the restraining order," dkt. #11, raises entirely new allegations against other prison officials about an alleged failure to provide mental health treatment. Because these allegations are outside the scope of both complaints, I cannot consider them. If plaintiff believes that officials are denying him mental health care in violation of the Eighth Amendment, he will have to file a separate lawsuit about that issue.

Plaintiff's "motion to amended Eighth Amendment violation of deliberate indifferent," dkt. #10, seems to be nothing more than a request to proceed on a claim under the Eighth Amendment. I am denying this motion because it is unnecessary for plaintiff to identify a particular legal theory in his complaint. When I screen his complaints, I will consider whether his factual allegations state a claim upon which relief may be granted under *any* legal theory, including the Eighth Amendment.

I am denying plaintiff's motion for appointment of counsel, dkt. #12, for two reasons. First, plaintiff has failed to show that he has made a good faith effort to find counsel on his own, as he is required to do under the law of this circuit. Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992). Although plaintiff has provided three rejection letters, dkt. #16, one of them is dated nearly one year before the incident giving rise to this lawsuit; another one is from a public interest organization that represents only prisoners in

the southern United States. Accordingly, I cannot find that plaintiff has made reasonable efforts to find counsel on his own.

Second, appointment of counsel is appropriate in those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds the plaintiff's demonstrated ability to prosecute it. Pruitt v. Mote, 503 F.3d 647, 645-55 (7th Cir. 2007). It is too early to determine whether plaintiff meets that standard. Romanelli v. Suliene, 615 F.3d 847, 852 (7th Cir. 2010) (upholding decision to deny appointment of counsel early in case).

Plaintiff lists several reasons for his belief that counsel is necessary, but many of these apply to the majority of pro se litigants (limitations imposed by plaintiff's imprisonment, the existence of disputed facts) or are speculative at this stage in the case (inability to conduct adequate discovery, insufficient time in the law library). In addition, plaintiff says that he is mentally ill, but he has submitted little evidence to show that any mental illness is preventing him from litigating this case on this own. Although he states that he had help preparing his materials, he may continue to receive help from other prisoners.

If I conclude that plaintiff has stated a claim upon which relief may be granted with respect to either of his complaints, the court will hold a preliminary pretrial conference shortly after the defendants file an answer. At the conference, plaintiff will be provided with information about how to use discovery techniques to gather the evidence he needs to prove his claims as well as copies of this court's procedures for filing or opposing dispositive motions and for calling witnesses. If later developments in the case show that plaintiff is unable to represent himself, he is free to renew his motion for appointment of counsel at that time.

ORDER

IT IS ORDERED that

1. This case is SEVERED in accordance with Fed. R. Civ. P. 20. Plaintiff Natanael Rivera's "Verified Complaint," dkt. #1, will proceed as case no. 12-cv-240-bbc. Plaintiff's "Amended Verified Complaint," dkt. #2, will proceed as a case no. 12-cv-476-bbc.

2. I will screen case no. 12-cv-240-bbc in accordance with 28 U.S.C. §§ 1915(e)(2) and 1915A in a separate order.

3. Plaintiff is directed to make an initial partial payment of $6.01 for case no. 12-cv-476-bbc. Once plaintiff submits that payment, I will screen the complaint in that case as well.

4. Plaintiff's "Motion for Restraining Order," dkt. #6, "Motion to Amended Eighth Amendment Violations of Deliberate Indifferent," dkt. #10, "Motion to Amending Restraining Order," dkt. #11 and "Motion for Appointment of Counsel," dkt. #12, are DENIED.

Entered this 5th day of July, 2012.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PROCEDURE TO BE FOLLOWED ON MOTIONS FOR INJUNCTIVE RELIEF

> *NOTE WELL:* **It is the duty of the parties to present to the court, in the manner required by this procedure, all facts and law necessary to the just, speedy and inexpensive determination of this matter. The court is not obliged to search the record for facts or to research the law when deciding a motion for injunctive relief.**

### I. NOTICE

A. It is the movant's obligation to provide **actual** and **immediate** notice to the opposing party of the filing of the motion and of the date set for a hearing, if any.

B. The movant must serve the opposing party **promptly** with copies of all materials filed.

C. Failure to comply with provisions A and B may result in denial of the motion for this reasons alone.

### II. MOVANT'S OBLIGATIONS

A. It is the movant's obligation to establish the factual basis for a grant of relief.

   1. In establishing the factual basis necessary for a grant of the motion, the movant must file and serve:

      (a) A stipulation of those facts to which the parties agree; or

      (b) A statement of record facts proposed by the movant; or

      (c) A statement of those facts movant intends to prove at an evidentiary hearing; or

      (d) Any combination of (a), (b) and (c).

   2. Whether the movant elects a stipulation or a statement of proposed facts, it is the movant's obligation to present a precisely tailored set of factual propositions that

       movant considers necessary to a decision in the movant's favor.[1]
- (a) The movant must set forth each factual proposition in its own separately numbered paragraph.

- (b) In each numbered paragraph the movant shall set cite with precision to the source of that proposition, such as pleadings,[2] affidavits,[3] exhibits, deposition transcripts, or a detailed proffer of testimony that will be presented at an evidentiary hearing.

B. The movant must file and serve all materials specified in II. A with the movant's supporting brief.

D. If, the court concludes that the movant's submissions do not comply substantially with these procedures, then the court, at its sole discretion, may deny summarily the motion for injunctive relief, cancel any hearing on the motion, or postpone the hearing.

### III. RESPONDENT'S OBLIGATIONS

A. When a motion and supporting materials and brief have been filed and served in compliance with Section II, above, the opposing respondent(s) shall file and serve the following:

1. Any affidavits or other documentary evidence that the respondent chooses to file and serve in opposition to the motion.

2. A response to the movant's statement of proposed findings of fact, with the respondent's paragraph numbers corresponding to the movant's paragraph numbers.

    (a) With respect to each numbered paragraph of the movant's proposed findings of fact, each respondent

---

[1] These factual propositions must include all basic facts necessary to a decision on the motion, including the basis for this court's jurisdiction, the identity of the parties and the background of the parties' dispute. The movant should not include facts unnecessary to deciding the motion for injunctive relief.

[2] The pleadings, however, are not evidence. Therefore, the movant may use the pleadings as a source of facts *only if* all parties to the hearing stipulate to these facts on the record.

[3] Affidavits must be made on personal knowledge setting forth facts that would be admissible in evidence, including any facts necessary to establish admissibility.

     shall state clearly whether the proposed finding is not disputed, disputed, or disputed in part. If disputed in part, then the response shall identify precisely which part is disputed.

   (b) For each paragraph disputed in whole or in part, the response shall cite with precision to the evidentiary matter in the record or to the testimony to be presented at the hearing that respondent contends will refute this factual proposition.

 B. The response, in the form required by III A., above, shall be filed and served together with a brief in opposition to the motion for injunctive relief no later than the date set by the court in a separately issued briefing schedule.

 C. There shall be no reply by the movant.

## IV. HEARING

If the court determines that a hearing is necessary to take evidence and hear arguments it shall notify the parties promptly. It is each party's responsibility to ensure the attendance of its witnesses at any hearing.

                               11/24/2008