IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NATANAEL RIVERA,

                                                                                    ORDER

                       Plaintiff,

                                                                    12-cv-476-bbc

     v.

GEORGE J. JIMENEZ,

                       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Pro se plaintiff Natanael Rivera is proceeding on two claims that defendant George Jimenez violated his rights under the Eighth Amendment: (1) defendant forced plaintiff to walk naked in front of other prisoners; and (2) defendant used excessive force on plaintiff by "kneeing" him repeatedly and pulling on his chain. On August 2, 2013, defendant moved for summary judgment on both claims. After plaintiff complained about delays in viewing a DVD that he believes is relevant to proving his claims, Magistrate Judge Stephen Crocker extended plaintiff's deadline to respond to defendant's summary judgment motion from September 3, 2013 to September 24, 2013. Dkt. #36.

       Now plaintiff has filed a document that he has called "Objection" that seems to be a request by plaintiff for various forms of court assistance. Dkt. #37. However, he has not shown that prison officials have done anything wrong or that he is otherwise being prevented from litigating his case, so I am denying his requests, with the exception that I will give him a one-week extension of time to file his response to defendant's motion for summary

1

judgment.

First, plaintiff says that he believes that "something [is] not right" with the DVD that he has viewed and that the disc will "start all over" when he tries to stop and rewind it. To the extent that plaintiff believes that prison officials have tampered with the disc, he has not provided any evidence to support that belief. To the extent he is requesting an order directing prison staff to provide a new disc or equipment that allows him more options for viewing the DVD, I am denying the request because plaintiff is not entitled to that type of assistance. Plaintiff does not argue that he is unable to view the entire DVD or that prison staff have prohibited him from viewing it multiple times so that he can make sure that he does not miss anything important.

Second, plaintiff says that he is getting "the run around" when he requests law library time. Plaintiff does not say why he needs more library time, so I cannot conclude that prison staff are denying his right of access to the courts. In addition, prison staff have averred that plaintiff is receiving additional time in the law library to prepare his response to defendants' summary judgment motion. Schuler Aff. ¶ 6, dkt. #39.

Third, plaintiff says that he "need[s] defendant to provide discovery demands like my medical records" and "all DAI polic[ies]." Plaintiff does not submit any evidence that defendant failed to provide any documents that he requested. Further, he does not explain how he believes that any particular record or policy is relevant to his claims. Finally, defendant says that plaintiff is free to view prison policies at the law library and that he can view his medical records by making a request to the health services unit. Schueler Aff. ¶ 10,

2

dkt. #39. Plaintiff does not argue that prison staff have refused requests to do either of these things.

Fourth, plaintiff says that he does "not know how to call another prisoner" for the purpose of asking him to be a witness, but I am not aware of any authority that gives plaintiff a right to make telephone calls to other prisoners. Plaintiff acknowledges that he is able to write letters to other prisoners to ask them to provide affidavits for him. He says that one prisoner has not responded to his written request, but he cannot force a potential witness to submit an affidavit on his behalf.

Fifth, plaintiff makes a vague reference to his legal loan. Although plaintiff does not explain the problem, I understand him to be alleging that prison officials are refusing to provide him funds necessary to prepare and submit his response to defendants' summary judgment motion. Any relief plaintiff is requesting on this issue is moot. Defendant has submitted a letter from the warden that extends plaintiff's legal loan so that he may prosecute this case. Dkt. #39-1.

Finally, plaintiff says that he needs more time to prepare his summary judgment response. Although plaintiff has not provided strong grounds for an extension of time, the schedule will allow him one additional week.

ORDER

IT IS ORDERED that plaintiff Natanael Rivera is GRANTED a one-week extension of time to file his response to defendant George Jimenez's motion for summary judgment.

Plaintiff may have until October 1, 2013 to file his response materials; defendants may have until October 11, 2013 to file their reply. No further extensions will be granted. Plaintiff's requests for court assistance, dkt. #37, are DENIED in all other respects.

Entered this 23d day of September, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge